UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

HENRY SHELL,

    Petitioner,

v.                                             CIVIL ACTION NO. 5:21-cv-00366

WARDEN OF FEDERAL
CORRECTIONAL INSTITUTION, BECKLEY,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending is Petitioner Henry Shell's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. [Doc. 2]. The matter is ready for adjudication.

### I.

On June 25, 2021, Mr. Shell filed his § 2241 petition, which raised two claims related to a Bureau of Prison's disciplinary proceeding. [Doc. 2]. Specifically, Mr. Shell first contends that the BOP lacked sufficient evidence to convict him of refusing to provide a urine sample, in violation of Prohibited Act Code 110, 28 C.F.R. § 541.3, Table 1. *Id.* at 6-7. Next, he argues that the BOP violated his due process rights by providing inaccurate information regarding his right to appeal. *Id.* at 7.

The Court subsequently referred this case to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). [Doc. 3]. On August 24, 2022, Magistrate Judge Aboulhosn filed a PF&R

recommending that the Court dismiss Mr. Shell's § 2241 Petition. [Doc. 25]. Mr. Shell timely filed objections on September 8, 2022. [Doc. 27].

## II.

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## III.

Mr. Shell objects to Magistrate Judge Aboulhosn's recommendation that the Court dismiss his § 2241 petition. [Doc. 27]. He asserts that this recommendation is inconsistent with the Bureau of Prisons' decision regarding a separate, identical incident. *Id.* According to Shell, following the underlying incident in this case, the BOP again cited him for refusing to provide a urine sample, in violation of Prohibited Act Code 110, 28 C.F.R. § 541.3, Table 1. *Id.* After an initial adverse decision from the Discipline Hearing Officer ("DHO"), Shell appealed to the appropriate Regional Director, who reversed and expunged the incident from Shell's record. [Doc. 27-1]. Consequently, Shell concludes that Magistrate Judge Aboulhosn's recommendation upholding a contrary BOP decision must be rejected. [Doc. 27].

Mr. Shell's argument misses the mark. This case concerns his September 6, 2020 failure to provide a urine sample. With respect to the BOP's handling of that violation, Magistrate Judge Aboulhosn found that the BOP complied with its Due Process obligations under the Fifth Amendment and that sufficient evidence supported the BOP's finding that Mr. Shell failed to provide a urine sample. [Doc. 25 at 3-11]. Mr. Shell's objection that the BOP reached a different conclusion with respect to a separate incident does nothing to undermine those findings. Indeed, given that his objection fails to identify "a specific error in the magistrate's proposed findings and recommendations," the Court need not even conduct de novo review. *Orpiano*, 687 F.2d at 47.

## IV.

For the foregoing reasons, the Court **OVERRULES** Mr. Shell's Objections [**Doc. 27**], **ADOPTS** the Magistrate Judge's PF&R [**Doc. 25**], and **DISMISSES** the Petition [**Doc. 2**].

The Court directs the Clerk to transmit a copy of this written opinion and order to any counsel of record and any unrepresented party.

ENTER: November 23, 2022

Frank W. Volk
United States District Judge